IN RE: Mark A. NESTOR, Debtor.

Hylan Debt Fund, LLC–Portfolio Series 18, Hylan Debt Fund, LLC–Portfolio Series 19, Hylan Debt Fund, LLC–Portfolio Series 20, and Hylan Debt Fund, LLC–Portfolio Series 24, Plaintiffs

v.

Mark A. Nestor, Defendant.

CASE NO. 15–60544–PWB
ADVERSARY PROCEEDING
NO. 15–5355–PWB

United States Bankruptcy Court,
N.D. Georgia, Atlanta Division.

Signed February 22, 2016

Filed February 23, 2016

---

Robert D. Schwartz, Robert D. Schwartz, Roswell, GA, for Debtor.

F. Xavier Balderas, Justan C. Bounds, Carlton Fields Jorden Burt, P.A., Atlanta, GA, for Plaintiffs.

Robert D. Schwartz, Robert D. Schwartz, Roswell, GA, for Defendant.

## ORDER DENYING MOTION TO DISMISS

Paul W. Bonapfel, U.S. Bankruptcy Court Judge

Hylan Debt Fund, LLC—Portfolio Series 18, Hylan Debt Fund, LLC—Portfolio Series 19 Hylan Debt Fund, LLC—Portfolio Series 20, and Hylan Debt Fund, LLC—Portfolio Series 24 (collectively, "Plaintiffs") object to the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)

and (a)(3) and to the dischargeability of their debts pursuant to 11 U.S.C. § 523(a)(2)(B). Mark A. Nestor, the Debtor, seeks dismissal of the Plaintiff's complaint on the ground that it fails to state claims upon which relief may be granted. For the reasons stated herein, the motion is denied.

The Plaintiffs assert that on July 10, 2014, they made loans to the Debtor's law firm, Mark A. Nestor, P.C., and that the loans were guaranteed by the Debtor. The Plaintiffs further allege that they made the loans in reliance upon a Personal Financial Statement provided by the Debtor. The Plaintiffs contend that the Debtor, with the intent to deceive them, made written misrepresentations about his total assets, including his earned income, the value of his assets, and his interests in various business entities. The Plaintiffs further contend that the Debtor misrepresented his total liabilities by omitting a debt of $197,233.00 owed to the Internal Revenue Service.

Whether the Plaintiffs may prevail on their claims is not the issue before the Court. *See Brandt v. Bassett,* 69 F.3d 1539, 1550 (11th Cir.1995) (*quoting Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)) (in considering a motion to dismiss for failure to state a claim, a court considers "not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Instead, the only thing the Court must consider is whether the complaint states sufficient facts to support the claims asserted.

Rule 8 of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, provides that a claim for relief shall include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." For purposes of a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the complaint's factual assertions as true. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that, to survive a motion to dismiss under Rule 12(b)(6), a complaint "does not need detailed factual allegations," but those allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. In *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court further explained a claim must have "facial plausibility," which is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The "short and plain statement," therefore, cannot be so simple that it fails to demonstrate "facial plausibility." Simply put, a plaintiff must plead facts and those facts must be specific enough to permit a defendant to prepare a defense to the claim asserted.

The Court concludes that the facts pled in support of the Plaintiffs § 523(a)(2)(A) and § 727 claims satisfy the "facial plausibility" test to survive a Rule 12(b)(6) motion to dismiss.

### Section 523(a)(2)(B)

■ Section 523(a)(2)(B) excepts from discharge any debt for money, property, services, or credit to the extent obtained

by (1) use of a statement in writing (2) that is materially false (3) respecting the debtor's or an insider's financial condition, (4) that the debtor caused to be made or published with the intent to deceive (5) on which the creditor reasonably relied.

The Debtor contends that the complaint fails to state a claim under § 523(a)(2)(B) because the Personal Financial Statement was provided to "Hylan Asset Management, LLC," and not any of the Hylan Plaintiffs. The identity of the entity to whom the Debtor provided the Personal Financial Statement is not relevant at this stage. The Plaintiffs have asserted they relied on the Personal Financial Statement produced by the Debtor. The Plaintiffs' factual assertion satisfies the pleading requirements. The Debtor's contention that this statement is false or misleading is an evidentiary issue, not a pleading issue. To the extent the Debtor disputes this fact or any other, he may do so at trial.

With respect to the § 523(a)(2)(B) claim, the Court concludes that the Plaintiffs have satisfied the pleading requirements by pleading facts with respect to each element of the claim. The complaint contains specific factual assertions regarding (1) the alleged misrepresentations and omissions regarding the Debtor's financial condition contained in the Personal Financial Statement; (2) the Debtor's intent; and (3) the Plaintiffs' reliance. As a result, the complaint states a claim for relief under § 523(a)(2)(B).

### Section 727(a)(2)(A)

■ Section 727(a)(2)(A) provides that the court shall grant the debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the debtor, within one year before the date of the filing of the petition."

The Debtor contends that the Plaintiffs' § 727(a)(2)(A) claim is speculative, lacking in factual support, and not based on a cognizable legal theory.

"Facial plausibility" deals with assertions of fact, not law. *Johnson v. City of Shelby*, 574 U.S. ——, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam). A complaint does not have to plead a legal theory, but it must allege facts for a court to determine that a legal theory exists upon which relief may be granted. 2 MOORE'S FED. PRACTICE § 12.34[1][B] (Matthew Bender 3d Ed.).

The Plaintiffs' § 727(a)(2)(A) claim is founded on the theory that the Debtor concealed assets by using the bank accounts of his business entities to intentionally shield funds from the reach of creditors. Courts have recognized that concealment may be the act of diverting or keeping personal assets in a business account to keep the assets out of the reach of creditors. *E.g., Coady v. D.A.N. Joint Venture III, L.P.*, 588 F.3d 1312 (11th Cir.2009); *Res Ga Two, LLC v. Hiett (In re Hiett)*, 519 B.R. 341 (Bankr. M.D.Ala.2014); *U.S. Trustee v. Zhang (In re Zhang)*, 463 B.R. 66 (Bankr.S.D.Ohio 2012).

The Plaintiffs have pled facts that support this claim. Whether the facts are true or subject to different interpretation is an evidentiary issue, not a pleading issue.

### Section 727(a)(3)

Section 727(a)(3) provides for the denial of discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's finan-

cial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

 "The purpose of § 727(a)(3) is to give creditors, the trustee and the bankruptcy court complete and accurate information concerning the debtor's affairs and to ensure that dependable information is provided so that the debtor's financial history may be traced." *Harrington v. Simmons (In re Simmons)*, 525 B.R. 543, 547 (1st Cir. BAP 2015) (citations omitted).

The Debtor contends, again, that the Plaintiffs' § 727(a)(3) claim is speculative, lacking in factual support, and not based on a cognizable legal theory. The Plaintiffs contend that (1) by transferring and concealing personal assets and income within the bank accounts of separate entities, including his law firm's IOLTA account, and (2) by using these accounts for personal gain, the Debtor concealed and failed to keep recorded information from which his financial condition might be ascertained.

 This theory—concealing personal assets in business accounts—merely restates the § 727(a)(2)(A) claim. Concealing assets is not the same as concealing books and records. Without factual assertions about the Debtor's books or records or the entities' books and records, concealment of assets alone does not state a claim for relief under § 727(a)(3).

 Nevertheless, the Court concludes that, although not artfully pled, the Plaintiffs' § 727(a)(3) claim asserts sufficient facts to survive a motion to dismiss. The Plaintiffs assert that the Debtor produced documents showing large deposits in various bank accounts, but that he could not identify the payors of the funds. If the records maintained by the Debtor are inadequate to permit creditors to understand his financial condition (and one would expect that books and records would identify the source of deposits), then this states a claim under § 727(a)(3). In addition, if given a generous reading, the complaint's allegations that the Debtor concealed assets in business accounts may be construed as an assertion that the Debtor failed to keep personal records about his financial condition.

The Court concludes that the Plaintiffs' § 727(a)(3) claim satisfies the threshold requirements to state a claim for relief.

Based on the foregoing, the Court concludes that the Plaintiffs' complaint states claims for relief under 11 U.S.C. §§ 523(a)(2)(A), 727(a)(2)(A), and 727(a)(3). Accordingly, it is

ORDERED that the Debtor's motion to dismiss is denied.